IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN



U.S. District Court
Wisconsin Eastern

SEP 0 9 2025

FILED
Clerk of Court

---

Kevin Donald Kovacic,
Plaintiff,

v.

Trooper K. Powell, individually;
Deputy Hebert, individually; and
Winnebago County,
Defendants.

---

Case No. 1:25-cv-00993

**AMENDED COMPLAINT**
**(Violations of the Fourth Amendment, 42 U.S.C. § 1983)**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this case arises under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.
2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in the Eastern District of Wisconsin.

**PARTIES**

3. Plaintiff Kevin Donald Kovacic ("Plaintiff") is a citizen of the United States and a resident of Winnebago County, Wisconsin.
4. Defendant Trooper K. Powell ("Powell") is a law enforcement officer employed by the Wisconsin State Patrol. He is sued in his individual capacity for actions taken under color of state law.
5. Defendant Deputy Hebert ("Hebert") is a law enforcement officer employed by the Winnebago County Sheriff's Department. He is sued in his individual capacity for actions taken under color of state law.
6. Defendant Winnebago County is a municipal corporation organized under the laws of the State of Wisconsin and is the government entity responsible for the supervision, training, and establishment of policies and customs for the Winnebago County Sheriff's Department and its employees, including Deputy Hebert.

**STATEMENT OF FACTS**

7. On or about April 15, 2025, at approximately 11:50 PM, continuing into the early morning of April 16, 2025, Plaintiff was the driver of a vehicle that was stopped by Defendant Powell in Winnebago County, Wisconsin, for an alleged minor traffic violation.
8. Immediately upon initiating the stop and before conducting any business related to the alleged traffic violation, Defendant Powell ordered Plaintiff out of his vehicle. Plaintiff explicitly stated that he did not consent to a search of his person.

9. Despite the lack of consent, Defendant Powell proceeded to subject Plaintiff to a warrantless search of his person. While actively searching Plaintiff's pockets, Defendant Powell stated that he **\"didn't have to tell me what his reasonable suspicion was,\"** or words to that effect.

10. Defendant Hebert arrived on the scene and actively participated in and assisted with the illegal detention and search of Plaintiff. The search of Plaintiff's person was conducted without his consent.

11. At the time of the search, Plaintiff was on probation. Under Wisconsin law and the Fourth Amendment, law enforcement may only search a probationer if they have reasonable suspicion that the probationer has committed, is committing, or is about to commit a crime or a violation of probation.

12. Prior to learning of Plaintiff's probation status, Defendant Powell had indicated his intent to request a K-9 unit to conduct a sniff of the vehicle. This demonstrates that Defendant Powell knew he lacked the requisite reasonable suspicion or probable cause for a search and was attempting to develop it. Upon discovering Plaintiff was on probation, Defendant Powell abandoned the plan for a K-9 sniff and proceeded directly to a warrantless search of Plaintiff's person.

13. The search was conducted without authorization or consent from Plaintiff's probation agent, Terrell Fleming. On June 2, 2025, Mr. Fleming confirmed that no consent had been provided for such a search.

14. The search of Plaintiff's person was conducted without a warrant, without probable cause, without reasonable suspicion, and without consent. The search yielded no contraband.

***Fabrication of Justification After the Fact***

15. Following the incident, Defendant Powell authored an initial Offense/Incident Report. This original report contained only a brief \"Narrative Summary\" which stated, in a conclusory fashion, that \"Both had prior 961 related charges. Act 79 search conducted, large amount of hemp located, no other contraband.\" This initial report did not articulate any specific facts that would give rise to reasonable suspicion to justify the search.

16. At a later date, a second, different Offense/Incident Report was created for the same incident. This new report explicitly states at the bottom: **\"This report was generated at supervisor request, after it was initially completed with no narrative.\"**

17. This second, supervisor-requested report contains an entirely new section titled \"REASONABLE SUSPICION/SEARCH,\" which was absent from the initial report.

18. In this new section, Defendant Powell attempts to retroactively justify the search by claiming, for the first time, that Plaintiff's driving was a \"deception tactic,\" that Plaintiff was confrontational, and that these factors, combined with the parties' criminal histories, led him to conduct the search.

19. The creation of this second, conflicting report demonstrates that Defendants Powell and Hebert lacked the required reasonable suspicion at the time of the search and that the justifications in the subsequent report were fabricated after the fact, with supervisor involvement, to create a pretextual and false justification for their unconstitutional actions.

20. As a direct and proximate result of the Defendants' actions, Plaintiff suffered a violation of his constitutional rights, loss of liberty, humiliation, and emotional distress.

**COUNT I – VIOLATION OF THE FOURTH AMENDMENT**
**(42 U.S.C. § 1983 Against Defendants Powell and Hebert in their Individual Capacities)**

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Amended Complaint.

22. The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects all persons from unreasonable searches.

23. Defendants Powell and Hebert, while acting under color of state law, subjected Plaintiff to an unreasonable search in violation of his clearly established Fourth Amendment rights. Their conduct, including the subsequent fabrication of official reports to conceal their misconduct,

was intentional, malicious, and undertaken with reckless indifference to Plaintiff's constitutional rights.

**COUNT II – MUNICIPAL LIABILITY UNDER § 1983**
**(Against Defendant Winnebago County)**

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Amended Complaint.
25. Defendant Winnebago County is liable for the violation of Plaintiff's constitutional rights because the actions of its employee, Defendant Hebert, were taken pursuant to an official policy, widespread and persistent custom, or were the result of a failure to train that amounts to deliberate indifference to the constitutional rights of persons its deputies would encounter.
26. The participation of Defendant Hebert in a search without reasonable suspicion demonstrates a failure on the part of Defendant Winnebago County to adequately train its deputies on the constitutional limits of probation searches. This failure to train amounts to a deliberate indifference to the high probability that constitutional violations would occur.
27. This policy, custom, or failure to train was the moving force behind the violation of Plaintiff's Fourth Amendment rights.

**COUNT III – STATE-LAW INDEMNIFICATION**
**(Pursuant to Wis. Stat. § 895.46)**

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Amended Complaint.
29. Wisconsin Statute § 895.46 provides that if a judgment for damages is awarded against a public officer or employee for acts committed while acting within the scope of their employment, the employing government entity shall pay the judgment.
30. The actions of Defendant Powell were undertaken within the scope of his employment with the State of Wisconsin. The State of Wisconsin is therefore obligated to pay any judgment entered against him.
31. The actions of Defendant Hebert were undertaken within the scope of his employment with Defendant Winnebago County. Defendant Winnebago County is therefore obligated to pay any judgment entered against him.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendants, and award the following relief:

A. A declaration that Defendants' actions violated Plaintiff's rights under the Fourth Amendment;
B. Compensatory damages in an amount to be determined at trial;
C. Punitive damages against Defendants Powell and Hebert in their individual capacities in an amount to be determined at trial;
D. An order directing the State of Wisconsin and Defendant Winnebago County to indemnify their respective employees for any judgment awarded, pursuant to Wis. Stat. § 895.46;
E. Reasonable attorney's fees and the costs of this action pursuant to 42 U.S.C. § 1988;
F. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 3, 2025

Respectfully submitted,

Kevin Donald Kovacic, Plaintiff, *Pro Se*
3762 Glenkirk Lane
Oshkosh, Wisconsin 54904
Phone: (920) 765-3451
Email: kevinkovacic@yahoo.com