UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN DONALD KOVACIC,

                Plaintiff,

      v.                                    Case No. 25-CV-993

TROOPER K. POWELL, individually;
DEPUTY HEBERT, individually; and
WINNEBAGO COUNTY,

                Defendants.

---

## SCREENING ORDER OF PLAINTIFF'S AMENDED COMPLAINT

---

Before the court is plaintiff Kevin Donal Kovacic's Amended Complaint (ECF No. 6), for screening pursuant to 28 U.S.C. § 1915.

Because the court has previously granted the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 4) it must now determine whether the amended complaint is legally sufficient to proceed. *See* 28 U.S.C. § 1915.

**I.    LEGAL STANDARD FOR SCREENING**

As the court discussed in its prior decision, (ECF No. 4) when a plaintiff has been allowed to proceed without prepayment of the filing fee, the court must review the complaint and dismiss it if it (1) is frivolous or malicious, (2) fails to state a claim

upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

Kovacic filed his original complaint on July 10, 2025, alleging that Wisconsin State Patrol Trooper K. Powell, the Wisconsin State Patrol, Winnebago County Deputy Sheriff Hebert, and the Winnebago County Sheriff's Department violated his Fourth Amendment rights through an illegal stop and search. (ECF No. 1 ¶¶ 1, 3, 24.) He simultaneously moved for leave to proceed in forma pauperis. (ECF No. 2.) The court granted Kovacic's motion but dismissed all claims against the Wisconsin State Patrol and the Winnebago County Sheriff's Department, as they are not "persons" suable under 42 U.S.C. § 1983. (*See* ECF No. 4 at 6.)

Kovacic filed his Amended Complaint on September 9, 2025. (ECF No. 6.) Therein, he claims that a new defendant, Winnebago County, is liable for the violation of his constitutional rights "because the actions of its employee, Defendant Hebert, were taken pursuant to an official policy, widespread and persistent custom, or were the result of a failure to train that amounts to deliberate indifference to the constitutional rights of persons its deputies would encounter." (ECF No. 6 ¶ 25.) He further states that Winnebago County is liable under a state-law indemnification claim. (ECF No. 6 ¶¶ 28–31 (citing Wis. Stat. § 895.46).)

## III. ANALYSIS

As Kovacic's claims against the individual defendants have remained unchanged from the original complaint, those claims are sufficient to proceed for the

reasons set forth in the court's prior decision. The court instead turns to the claims against defendant Winnebago County: (1) the violation of Kovacic's rights under a *Monell* liability theory and (2) the state-law indemnification claim under § 895.46, Wis. Stat.

   a) <u>Kovacic's § 1983 claim against Winnebago County.</u>

Under the Supreme Court's decision in *Monell v. Department of Social Services of New York*, a municipality is liable for only its own direct actions; it is not liable simply because its employee committed an unconstitutional tort, 436 U.S. 658, 694–95 (1978). Harms are directly attributable to municipalities where the constitutional violation stems from an express policy, a widespread custom or practice, or where the harm is caused by a person with final decision-making policy authority. *Id.* at 379; *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Lack of training or supervision may constitute a policy or custom. *See Alexander v. City of S. Bend*, 433 F.3d 550, 557 (7th Cir. 2006).

In his Amended Complaint, Kovacic alleges:

Defendant Winnebago County is liable for the violation of Plaintiff's constitutional rights because the actions of its employee, Defendant Hebert, were taken pursuant to an official policy, widespread and persistent custom, or were the result of a failure to train that amounts to deliberate indifference to the constitutional rights of persons its deputies would encounter. The participation of Defendant Hebert in a search without reasonable suspicion demonstrates a failure on the part of Defendant Winnebago County to adequately train its deputies on the constitutional limits of probation searches. This failure to train amounts to a deliberate indifference to the high probability that constitutional violations would occur. This policy, custom, or failure to train was the moving force behind the violation of Plaintiff's Fourth Amendment rights.

(ECF No. 6 ¶¶ 24–27.)

These conclusory allegations fail to state a *Monell* claim against Winnebago County. The bare assertion that an individual defendant's actions "were taken pursuant to an official policy, widespread and persistent custom, or were the result of a failure to train that amounts to deliberate indifference to the constitutional rights of persons its deputies would encounter" is insufficient. *See e.g., Xihai Wang v. City of Indianapolis*, No. 24-2664, 2025 U.S. App. LEXIS 7888, at *16 (7th Cir. Apr. 3, 2025); *Austin v. Cook Cty.*, No. 22-2856, 2024 U.S. App. LEXIS 19469, at *5 (7th Cir. Aug. 5, 2024); *Ford v. Sessoms*, 727 F. App'x 875, 877 (7th Cir. 2018). Similarly, Kovacic's single allegation that he was subject to an unlawful search is insufficient factual support for the inference that the county has a policy or custom of failing to train its deputies. *See Kowalski v. Cnty. of Dupage*, No. 2013 CV 526, 2013 U.S. Dist. LEXIS 110967, at *6 (N.D. Ill. Aug. 7, 2013) (holding that a single pleaded incident of alleged misconduct was insufficient factual support to state a *Monell* claim that the defendant municipality had failed to train and supervise its police officers). Therefore, Kovacic's section 1983 claim against Winnebago County for violation of his rights under a *Monell* liability theory will be dismissed.

  b) <u>*Kovacic's state law indemnification claim against Winnebago County.*</u>

Kovacic claims that, pursuant to section 895.46, Wis. Stat., Winnebago County is liable for the unconstitutional conduct of Officer Herbert as the actions were taken as part of his employment with the county. (ECF No. 6 ¶ 31.) However, section 895.46 does not provide an independent private cause of action. *Perez v. Guetschow*, No. 23-cv-153-pp, 2023 U.S. Dist. LEXIS 177804, at *3–4 (E.D. Wis. Oct. 3, 2023). The county is not a proper defendant merely because it could someday need to indemnify Herbert.

*Id.* at *4. The court will likewise dismiss Kovacic's state-law indemnification claim against Winnebago County.

**IT IS THEREFORE ORDERED** that all claims against Winnebago County are **DISMISSED**. Winnebago County is dismissed as a defendant.

**IT IS FURTHER ORDERED** that the defendants shall answer the complaint "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

Dated at Green Bay, Wisconsin this 2nd day of October, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
