# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**KEVIN KOVACIC,**

      **Plaintiff,**

    **v.**                                **Case No. 25-CV-993**

**TROOPER K. POWELL and
DEPUTY HERBERT,**

      **Defendants.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

Kevin Kovacic, who is representing himself, sues Wisconsin State Patrol Trooper K. Powell and Winnebago County Deputy Sheriff Hebert under 42 U.S.C. § 1983. Kovacic alleges the defendants violated his rights under the Fourth Amendment during an April 15, 2025, traffic stop. (Docket # 6.) Currently before me is Kovacic's motion for sanctions against counsel for Deputy Herbert, Attorneys Jonathan Sacks and Ronald Stadler, and their law firm, Stadler Sacks LLC. (Docket # 23.) For the reasons further explained below, Kovacic's motion for sanctions is denied.

## BACKGROUND

In May 2023, Kovacic and this then-wife Tammy Kovacic sued fifteen law enforcement officers, Oconto and Forest Counties, and the City of Crandon under § 1983 alleging violation of their Fourth and Fourteenth Amendment rights. (Docket # 123 in Case No. 23-CV-642 (E.D. Wis.).) The defendants moved for summary judgment, and District Judge William C. Griesbach dismissed all of the plaintiffs' claims except for their *Monell* claim against Oconto County. (*Id.*) This claim was tried to a jury in November 2025, with the jury

returning a verdict for the County. (Docket # 147 in Case No. 23-CV-642.) Attorneys Sacks and Stadler represent Oconto County in that case. (Docket # 28 at 2 in Case No. 25-CV-993.) The parties are currently litigating Oconto County's bill of costs. (*Id.* at 3.) As relevant to Kovacic's present motion for sanctions, in responding to the Kovacics' objections to the County's bill of costs, the County argued that despite claiming they are unemployed, Tammy Kovacic testified that she earns income from breeding miniature Dachshunds. (Docket # 153 at 2–3 in Case No. 23-CV-642.) The County cites to Tammy's deposition transcript, in which she answered the question "other than raising hemp, what else do you do to earn income?" with "I breed miniature wiener dogs, miniature Dachshunds." (Docket # 102 at 3 in Case No. 23-CV-642.)

Kovacic contends that since he sued Oconto County in 2023, defense counsel "and their agents" have placed Kovacic's vehicles on a surveillance "hit list" that led to the April 15, 2025, traffic stop at issue in the present case. (Docket # 23 at 1 in Case No. 25-CV-993.) Kovacic further argues that during the April 15 stop, he can be heard on Trooper Powell's body camera footage discussing his dog breeding hobby. (*Id.*) Specifically, Kovacic can be heard stating that he breeds and sells miniature Dachshunds. (Docket # 32, Ex. 17 at 11:07–11:16.)

Kovacic asserts that several days after the defendants filed their answer in this case, a third-party "informant" named Jill Brauer contacted the Oshkosh Police Department with a tip that Kovacic was running a puppy mill out of his house, leading to law enforcement searching his property on October 28 and returning on October 29 to request rabies certificates for the four dogs found on his property. (Docket # 23 at 1–2.) Kovacic contends defense

2

counsel "leaked" the body camera footage to Brauer to "incite a police raid" to harass, intimidate, and obstruct his ability to prosecute his claims. (*Id.* at 2.)

Kovacic seeks sanctions against defense counsel "for using Plaintiff's private video footage to cause a police raid" and requests the Court order counsel and law enforcement to cease tracking his vehicle, to prevent his personal information from being disclosed to third-parties, and to require counsel to disclose the identity of any persons to whom they provided a copy of the police video. (*Id.* at 3.) Defendants oppose Kovacic's sanctions motion. (Docket # 28.)

## ANALYSIS

Kovacic cites no legal authority under which he brings his sanctions motion. Thus, I will construe the motion as appealing to the Court's inherent authority to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) ("We discern no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions for the bad-faith conduct described above."). The *Chambers* Court warned, however, that because of its potency, a court must exercise its inherent powers with restraint and discretion. *Id.* at 44. "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez v. T & H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). "The sanction imposed should be proportionate to the gravity of the offense." *Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003)).

Kovacic presents no basis for sanctions here. As an initial matter, simply because Kovacic appears in the officer's body camera footage does not make this footage his "private video information." (Docket # 23 at 3.) Rather, the footage belongs to the law enforcement agency possessing it and may be subject to disclosure under Wisconsin's open records law. *See* Wis. Stat. § 19.35. Although this footage is subject to disclosure, Attorneys Sacks and Stadler aver that they have not distributed the body camera footage for the stop at issue in this case to anyone except counsel for co-defendant, Trooper Powell. ((Declaration of Jonathan Sacks ("Sacks Decl.") ¶ 6, Docket # 25) and (Declaration of Ronald Stadler ("Stadler Decl.") ¶ 6, Docket # 27).)

Furthermore, while Kovacic believes Attorneys Sacks and Stadler are working in concert with law enforcement to surveille his vehicle, both attorneys aver that they have neither the authority nor the ability to compel any law enforcement agency to track Kovacic's movements. (Sacks Decl. ¶ 5; Stadler Decl. ¶ 5.) They further aver that they do not know anyone by the name of "Jill Brauer" and have never communicated with the City of Oshkosh Police Department about Kovacic. (Sacks Decl. ¶¶ 7–8; Stadler Decl. ¶¶ 7–8.) Kovacic points to no evidence beyond his own speculation to the contrary.

For these reasons, sanctions are not appropriate. Kovacic's motion for sanctions (Docket # 23) is denied.

## ADDITIONAL MOTIONS

Kovacic also moves to strike Attorneys Sacks' and Stadler's declarations, arguing counsel committed perjury in paragraph 11 of their respective declarations by misconstruing Tammy's testimony from litigation in Case No. 23-CV-642 that she earns income from breeding miniature Dachshunds. (Docket # 30 at 1.) Kovacic further requests an evidentiary

4

hearing regarding the "source of the data provided to the 'Jill from Hope Highway' tipster" (*id.* at 3) and states that he intends to subpoena Brauer to identify the source of the fraudulent puppy mill reports that led to the "police raids" on October 28 and 29, 2025 (Docket # 24).

Kovacic provides no basis for striking Attorneys Sacks' and Stadler's declarations. Paragraph 11 appears to simply provide background context regarding an unrelated case and is not relevant to Kovacic's current lawsuit. Kovacic is reminded that the issue in this case is whether defendants violated his Fourth Amendment rights during an April 15, 2025, traffic stop. The puppy mill allegations and subsequent "police raid" based on the puppy mill allegations occurring months after the traffic stop are not relevant to this case.

Finally, Kovacic moves to restrict his residential address from the public record to prevent defense counsel from "weaponizing" litigation data. (Docket # 29.) Kovacic asserts that he is "fleeing the state" to protect himself from harassment. (*Id.* at 1.) Once again, Kovacic has failed to demonstrate that defense counsel acted inappropriately. Nor has he demonstrated that inclusion of his address on the docket puts him in danger. Further, should Kovacic's contact information change, he is reminded that he must provide the Court with an updated address and telephone number at which the Court can contact him. (Gen. L.R. 5 (E.D. Wis.).) Thus, Kovacic's motions to strike (Docket # 30) and to restrict his address (Docket # 29) are denied.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Motion for Sanctions (Docket # 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Docket # 30) and Motion to Restrict (Docket # 29) are **DENIED**.

5

Dated at Milwaukee Wisconsin this 20th day of January, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge

Case 1:25-cv-00993-NJ    Filed 01/20/26    Page 6 of 6    Document 35