UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KEVIN KOVACIC,**

**Plaintiff,**

**v.** **Case No. 25-CV-993**

**TROOPER K. POWELL and**
**DEPUTY HEBERT,**

**Defendants.**

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

Kevin Kovacic, who is representing himself, sued Wisconsin State Patrol Trooper K. Powell and Winnebago County Deputy Sheriff Hebert alleging the defendants violated his Fourth Amendment rights during an April 15, 2025, traffic stop initiated by Powell. Kovacic sought leave to file a second amended complaint adding claims for First Amendment retaliation and civil conspiracy. Kovacic's motion was denied on March 6, 2026. (Docket # 40.) Kovacic now moves for reconsideration of the order denying him leave to file a second amended complaint. (Docket # 41.) For the reasons further explained below, Kovacic's motion for reconsideration is denied.

## LEGAL STANDARD

Kovacic seeks relief from a nonfinal order; thus, his motion is properly brought under Fed. R. Civ. P. 54(b). Rule 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012)

(citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the . . . judge.").

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

**ANALYSIS**

As an initial matter, Kovacic argues the Court erred by failing to consider a document entitled "Plaintiff's Supplemental Declaration in Support of Motion to Amend: Forensic Proof of Systemic Retaliatory Surveillance on 4/15/2025" in considering his motion for leave to file a second amended complaint. (Docket # 41 at 1.) Kovacic argues that his supplement, filed on March 6, 2026, could not possibly have been considered in rendering the decision on his motion to amend as his supplement was filed 10 minutes before the decision and order on the motion was issued. (*Id.*)

Defendants filed their briefs in opposition to Kovacic's motion for leave to amend on February 2 and February 4, 2026. (Docket # 37; Docket # 38.) Pursuant to this district's Civil

Local Rules, a moving party "may serve a reply memorandum and other papers within 14 days from service of the response memorandum." Civil L.R. 7(c) (E.D. Wis.). Thus, if Kovacic wished to file reply briefs, the briefs should have been filed by February 16, 2026, for Hebert and by February 18, 2026, for Powell. Kovacic did not file a reply brief to either Defendant's response. As the Local Rules do not require a moving party to file a reply brief—the rule states that the moving party *may* serve a reply—if the deadline passes without a reply being filed, the motion is considered fully briefed and ready for resolution. Furthermore, the Local Rules require a party to file a motion requesting leave to file any paper not authorized by the Local Rules. Civil L.R. 7(i) (E.D. Wis.). Kovacic did not seek leave to file his untimely reply to the Defendants' response briefs. Thus, the Court was under no obligation to address this document.

However, even considering this document, Kovacic fails to meet the high burden of demonstrating that the decision denying him leave to amend was clearly erroneous and would work a manifest injustice. The document in question appears to be a computer printout from a website called "haveibeenflocked.com" where Kovacic purportedly entered his license plate to determine whether his vehicle was searched by law enforcement on April 15, 2025. (Docket # 39, Ex. A.) Kovacic states that this document demonstrates that his vehicle was queried by the Marinette County Sheriff's Office on April 15, 2025, at 8:26 p.m., approximately three hours before Powell initiated the traffic stop in Oshkosh. (*Id.*) Kovacic argues that this digital log indisputably shows that his vehicle was being tracked for "no reason other than First Amendment retaliation." (Docket # 41 at 4.)

Even assuming Powell received notification from either the Marinette County Sheriff's Office or through some national database that "ordered him" to find Kovacic's vehicle (*see*

Docket # 41 at 2), as stated in the order denying Kovacic's motion for leave to amend, to state a claim for First Amendment retaliation, Kovacic must plead facts that plausibly allege that his alleged First Amendment activity (i.e., filing his lawsuit *Kovacic, et al. v. Oconto County*, 23-CV-642 (E.D. Wis.)), was at least a motivating factor in the April 15, 2025, traffic stop at issue in this case, or the subsequent search of his house in October 2025. (Docket # 40 at 5–6.) Beyond the conclusory allegation that the April 15, 2025, stop must have occurred for "no reason other than First Amendment retaliation," (Docket # 41 at 4), Kovacic continues to allege no facts demonstrating that either Powell or Hebert had any involvement, or even an awareness, of his Oconto case such that the case's filing was at least a motivating factor in Powell conducting the traffic stop. As there is no basis for reconsideration of the decision denying Kovacic's motion for leave to file a second amended complaint, Kovacic's motion for reconsideration is denied.

Lastly, a week after filing his motion for reconsideration, Kovacic filed a 21-page document entitled "Plaintiff's Objection to Magistrate's March 6, 2026 Order Pursuant to Fed. R. Civ. P. 72(a): Rebuttal to Coordinated Character Assassination and the 110-Mile Retaliatory Hunt." (Docket # 42.) Then, on April 7, 2026, Kovacic filed an additional document entitled "Notice of Errata and Supplemental Fact Disclosure Regarding Plaintiff's Objection." (Docket # 45.) Defendants previously requested that Kovacic seek permission from the Court before filing any additional motions. (Docket # 37 at 9.) I declined to enter such an order; however, I reminded Kovacic that he should refrain from filing motions that lack merit. (Docket # 40 at 8.) Neither document filed subsequent to Kovacic's motion for reconsideration are proper motions requesting relief the Court can provide. Kovacic is again

reminded to refrain from filing such extraneous documents and is warned that further filing misuse may result in the imposition of sanctions.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Docket # 41) is **DENIED**.

Dated at Milwaukee, Wisconsin this 24th day of April, 2026.

BY THE COURT

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge