---

KEVIN KOVACIC,

      Plaintiff,

v.                                    Case No. 25-CV-993

TROOPER K. POWELL and
DEPUTY HERBERT,

      Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

---

Kevin Kovacic moves to compel the defendants to respond to his request for production of documents and to his interrogatories. (Docket # 47.) Kovacic contends that he served Trooper Powell with his first set of interrogatories and requests for production of documents on March 14, 2026, with responses due on April 14, 2026. (*Id.* at 1.) Powell, through his counsel, Assistant Attorney General Thillman, provided partial responses on April 14, 2026, and stated that he anticipated providing the remainder of the discovery by April 17, 2026. (Docket # 47-1 at 1.) Kovacic asserts that Powell failed to comply with this April 17, 2026 deadline. (Docket # 47 at 1.)

On April 17, 2026, Attorney Thillman emailed Kovacic that he had received Kovacic's second set of discovery requests. (Docket # 47-1 at 4.) It appears that Assistant Attorney General Flugaur was copied on Attorney Thillman's email; thus, on the same day, Kovacic received an out-of-office response from Attorney Flugaur stating that he was on vacation until April 21. (Docket # 47 at 2; Docket # 47-1 at 5.) Kovacic emailed Attorneys Thillman and Flugaur on April 23, 2026, requesting an update on the status of the outstanding discovery.

(Docket # 47-1 at 6.) Kovacic asserts that he made multiple good faith attempts to contact defense counsel via email and telephone between April 17 and April 30, 2026, with no response. (Docket # 47 at 4.)

Kovacic filed this motion to compel on May 11, 2026, seeking production of the discovery and a finding that Powell waived all objections as a sanction for the tardy responses. (*Id.* at 2–3.) He argues that the emails he received from both Attorneys Thillman and Flugaur on April 17, 2026 (i.e., Thillman's confirming receipt and Flugaur's out-of-office) indicates the attorneys were "actively monitoring the case but chose to ignore their production obligation" based on their "coordinated silence" regarding the deadline. (*Id.* at 4–5.)

Powell opposes Kovacic's motion. (Docket # 48.) Attorney Flugaur asserts that Powell's primary counsel, Attorney Thillman, is out on leave and Attorney Flugaur was assigned as additional counsel to hundreds of matters in his stead. (*Id.*) Attorney Flugaur contends that upon reviewing Kovacic's motion, he realized that some of the discovery requests had not been responded to and provided the remaining responses on May 29, 2026. (*Id.*) Counsel believes that all outstanding discovery has now been provided. (*Id.*) Kovacic has not replied to Powell's response.

Sanctions are not warranted here. While Powell's discovery responses were over a month late, the delay appears to stem from Attorney Thillman's leave of absence, not due to any coordinated effort on the part of defense counsel to skirt the deadline. Further, Powell promptly addressed the issue upon receiving Kovacic's motion and Kovacic does not contend that Powell's responses remain deficient. Finally, discovery remains open until January 1, 2027, and dispositive motions are not due until February 1, 2027; thus, Kovacic is not

2

prejudiced by the delay. For these reasons, Kovacic's motion to compel (Docket # 47) is denied.

      **SO ORDERED**.

      Dated at Milwaukee, Wisconsin this 24th day of June, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge

3