**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**KEVIN DONALD KOVACIC,**

**Plaintiff,**

**v.** **Case No. 25-CV-993**

**TROOPER K. POWELL and**
**DEPUTY HERBERT,**

**Defendants.**

---

**ORDER**

---

Kevin Donald Kovacic, who is representing himself, requests permission to file materials with the Court electronically. (Docket # 52.) General Local Rule 5(a)(2) exempts *pro se* parties from the district's electronic filing requirements. The district's policies and procedures regarding e-filing further provide that *pro se* parties "cannot file electronically unless authorized by the court." U.S. District Court for the E.D. Wis. Electronic Case Filing Policies and Procedures Manual, Section I(a)(1), *available at* https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures#In%20General. "This policy exists to spare the Court Clerk and her busy staff the burden of educating and correcting *pro se* filers, who are not regular users of the Court's electronic filing system." *Klein v. McDonough*, No. 23-CV-1231, 2025 WL 445219, at *1 (E.D. Wis. Feb. 10, 2025). Thus, this Court "does not grant self-represented parties leave to file electronically absent extraordinary circumstances." *Hobbs v. Willis*, No. 22-CV-467, 2022 WL 1692062, at *1 (E.D. Wis. May 26, 2022).

Kovacic states that he resides in Coloma, Wisconsin and because mail delivery "requires a significant geographic distance and transit time, relying on the postal system for short court deadlines creates a massive hardship." (Docket # 52.) Kovacic further asserts that he has regular access to a computer, internet connection, and scanning equipment necessary to format filings into PDF as required by the local rules. (*Id.*)

Kovacic has not demonstrated extraordinary circumstances warranting a departure from the Court's general rule exempting self-represented parties from electronic filing. While Kovacic states that mail delivery from Coloma requires "a significant geographic distance and transit time," Coloma is a city in Wisconsin less than 150 miles from Milwaukee. In *Hobbs*, the Court found that the plaintiff's "concerns about U.S. Postal Service delivery of documents [did] not constitute extraordinary circumstances," and this plaintiff resided in Comal County, Texas, over 1,000 miles from Milwaukee. *See Hobbs*, 2022 WL 1692062, at *2. While Kovacic expresses concern about "short court deadlines," he is reminded that pursuant to Fed. R. Civ. P. 6(d), when service is made by mail under Rule 5(b)(2)(C), three days are added after the period to act would otherwise expire under Rule 6(a), to account for the delay in mailing. Fed. R. Civ. P. 6(d). For these reasons, Kovacic's motion for leave to file electronically (Docket # 52) is **DENIED**.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 28th day of September, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge